UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE SIMON YESQUEN AGUIRRE,

    Petitioner,

v.                                                CASE NO:  8:05-CV-2350-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate (Dkt. #1) filed pursuant to 28 U.S.C. §2255.  The Court has undertaken a prompt preliminary review of the motion and the proceedings in the underlying criminal case (8:04-cr-475-T-30MSS) as required by Rule 4 of the rules governing §2255 proceedings for the United States District Courts.  After doing so, the Court concludes that the motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief.  Consequently, the Court needs no response from Defendant.

## BACKGROUND

Petitioner states that he pled guilty in November, 2004, to possession with intent to distribute five (5) kilograms or more of cocaine, and was sentenced by the Court on March 10, 2005.  He did not file a direct appeal, but timely filed this petition on December 22, 2005.

He raises two grounds to support his petition:

1. The Court erred, in violation of due process and the Sixth Amendment of the U. S. Constitution, by going outside of the guilty plea and using relevant conduct to find Defendant guilty of more drugs than the amount to which he pled guilty.

2. Trial counsel was ineffective for failing to bring "the Booker issue" to the Court's attention at sentencing on March 10, 2005, when Booker "was firmly in place."

In support of these two grounds, Petitioner argues that the court used facts that were neither admitted by him nor found by a jury beyond a reasonable doubt to determine the appropriate guidelines within which to determine his sentence.

The Defendant's Presentence Report calculated guidelines based on a total offense level of thirty-three (33) and a criminal history category of I. The Dug Quantity Table requires a base level of thirty-eight (38) for offenses involving 150 kilograms or more of cocaine. U.S.S.G. §2D1.1(c)(1). Two points were subtracted for the safety valve and three points were subtracted for the acceptance of responsibility for a resulting offense level of thirty-three (33). In his filed Objections to the Presentence Report, Petitioner requested a factual correction that he was not the cook and requested a minor or minimal role adjustment in the offense level calculation. The Court denied the role adjustment and determined the appropriate calculation to be: total offense level thirty-three (33), criminal history category I, which called for an imprisonment range of 135 to 168 months and sentenced the Defendant to the low end of 135 months.

The guidelines were calculated upon the facts admitted by Petitioner in his plea agreement, to wit:

> On or about September 25, 2004, the defendant along with seven other co-conspirator crew members, all foreign nationals, were traveling in the Eastern Pacific on the fishing vessel the Cielo Azul. The crew of the Cielo Azul had departed the coast of Colombia carrying a cargo of over 245 bales of cocaine. They were spotted approximately 400 nautical miles from the nearest land mass, Ecuador. The Cielo Azul was flying under a Colombian flag and had markings of registration on it. The Colombian Government was contacted to verify registration. The Colombian Government granted authority to board and search the Cielo Azul.
>
> A search of a hidden compartment on the Cielo Azul revealed 245 bales of a substance that tested positive for cocaine. The 245 bales weighed 12,152 pounds. The Defendant's presence on the vessel was part of a an unlawful agreement with others to possess with intent to distribute five (5) or more kilograms of cocaine. The Cielo Azul was seized with approximately 5,512 kilos of cocaine on board and the Defendant and his co-conspirators were taken into custody by the Coast Guard with the Middle District of Florida being the place at which the defendant entered the United States.

(Petitioner's Plea Agreement, p. 16.)

Further, Petitioner waived the right to appeal his sentence, directly or collaterally, on the very grounds that he now asserts in his petition. His plea agreement provides in pertinent part:

> Defendant agrees to have defendant's sentence determined under the sentencing guidelines, waives any constitutional challenge to the sentencing guidelines, waives indictment and trial by jury on all findings for sentencing, and stipulates that the court may make all findings for sentencing and may make those findings by preponderance of the evidence based upon any reliable evidence, including heresay. . . . Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to the defendant's case. . . .

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. The defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the ground that any fact found by the court for sentencing was not alleged in the indictment, was not admitted by the defendant, was not found by a jury, was not found beyond a reasonable doubt, or was found based upon evidence not admissible under the federal rules of evidence, and on any other ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and U.S.S.G. §5C1.2, except in the following situations: (a) an upward departure by the sentencing judge; (b) a sentence above the statutory maximum; or (c) a sentence in violation of other law apart from the sentencing guidelines; . . .

(Petitioner's plea agreement, pp.12-13.)

## DISCUSSION

The petition fails for many reasons:

1. Because of the Booker decision in January of 2005, the guidelines were constitutional at the time of petitioner's sentencing on March 10, 2005.

2. Petitioner is factually incorrect when he contends that his sentence was not based on facts admitted by him.

3. It is legally appropriate for a sentencing court to base the guideline calculations on relevant conduct admitted by a defendant.

4. Petitioner stipulated in his plea agreement that the Court could make all findings for sentencing by a preponderance of the evidence based upon any reliable evidence,

including hearsay.

  5.  Petitioner waived his right to bring a §2255 collateral attack on the grounds that he now attempts to assert in this petition.

  Petitioner contends that <u>Booker</u> made it inappropriate for a sentencing court to make findings concerning relevant conduct. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220 (2005). Petitioner's argument is incorrect. In <u>Booker,</u> the Supreme Court struck two parts of the guidelines system that made that system unconstitutional if it were deemed a mandatory system. Without those two offending provisions, it was clear that the remaining guidelines were merely advisory and constitutional. <u>Booker</u> error exists when the district court misapplies the guidelines by considering them as binding as opposed to advisory. <u>U.S. v. Shelton</u>, 400 F.3d 1325, 1331 (11th Cir. 2005). There is nothing in the record indicating this court considered the guidelines mandatory. To the contrary, in the sentencing Judgment, this Court specifically refers to the guidelines as advisory. Therefore, there is no <u>Booker</u> error.

  Second, Petitioner is factually incorrect when he contends that his sentence was not based on facts admitted by him. In the factual section of his plea agreement, Petitioner specifically admitted to possessing with intent to distribute 5,512 kilos of cocaine, greatly in excess of the 150 kilos necessary to trigger the base offense level of thirty-eight (38) which was used as the starting point for his guideline calculation. This factual admission was used in the Presentence Report as the basis for the guideline calculation and, at sentencing, Petitioner made no objection to that drug quantity being included as a part of the factual statements in the Report.

Third, it is legally appropriate for a sentencing court to base the guideline calculations on relevant conduct admitted by a defendant. Where a defendant admits to the facts that enhanced his sentence, there is no Sixth Amendment violation under Booker. United States v. Shelton, 400 F.3d at 1330.

Fourth, Petitioner stipulated in his plea agreement that the Court could make findings by a preponderance of the evidence for the purpose of sentencing. It is perfectly appropriate for a sentencing court to make findings as to relevant conduct in fashioning a sentence below the statutory maximum, but were it not so, Petitioner would still have no complaint because he specifically agreed to the sentencing court doing just that.

Fifth, Petitioner cannot bring this collateral attack under §2255 because he has waived his right to do so. A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a §2255 proceeding. Grueso v. United States, 2005 W.L. 2387613, *3 (M.D. Fla. 2005). Plaintiff's broad appeal waiver covered all grounds for appeal or collateral attack except for a sentence exceeding the statutory maximum or an upward departure from the range prescribed by the guidelines. Plaintiff has not argued in his motion that the Court exceeded that statutory maximum or upwardly departed from the applicable guideline range at sentencing. Nor is there any evidence in the record to support such a claim. Further, Petitioner does not contend that he failed to understand his waiver. Under these circumstances, had counsel filed a direct appeal, it would have been a futile gesture because the appeal would have been dismissed on motion by the government based on the appeal waiver contained in Plaintiff's plea agreement. See United

States v. Buchanan, 131 F.3d 1005 (11th Cir. 1997).

Therefore, for the reasons expressed, it is

ORDERED AND ADJUDGED:

1. The motion to vacate under §2255 (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

3. Further, the Clerk is directed to terminate from pending status any motion related to this petition that may be pending in the underlying criminal case (8:04-CR-475-T-30MSS).

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2005\05-cv-2350.vacate 1.wpd*